IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-cv-00176-BO-RJ

| | | |
|---|---|---|
| MICHAEL J. FORBES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES ARMY et al,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION<br>[D.E. 25] |

Plaintiff, proceeding pro se, has filed a motion for injunction under Fed. R. Civ. P. 65 to enjoin the United States Army ("Defendant") from separating Plaintiff from his employment with Defendant. [D.E. 25]. That motion should be denied.

**PROCEDURAL HISTORY**

On March 19, 2024, Plaintiff filed a Complaint, with 63 exhibits, alleging a Privacy Act claim, and perhaps a Military Whistleblower Protection Act claim. [D.E. 1]. That same day, Plaintiff filed a motion for injunctive relief with supporting memorandum. [D.E. 3; D.E. 4].

On March 27, 2024, Plaintiff filed a "corrected" Complaint prior to the filing of a responsive pleading. [D.E. 7].

On June 10, 2024, Defendant filed a motion to dismiss, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), due to lack of standing, lack of jurisdiction, failure to state a plausible claim for relief, and failure to exhaust administrative remedies. [D.E. 13; D.E. 14].

On July 1, 2024, Plaintiff filed a response in opposition to Defendant's motion to dismiss. [D.E. 19]. Contemporaneously, Plaintiff filed a motion for partial summary judgment with supporting documentation and a motion to exempt from Fed. R. Civ. P. 15. [D.E. 16; D.E. 17; D.E. 18].

On July 15, 2024, Defendant filed a reply to Plaintiff's response in opposition to a motion to dismiss, a response in opposition to Plaintiff's motion for partial summary judgment, and a response in opposition to Plaintiff's motion to exempt this case from Fed. R. Civ. P. 15. [D.E. 20; D.E. 21; D.E. 22].

On July 29, 2024, Plaintiff filed replies to Defendant's response to his motion for partial summary judgment and Defendant's response to his motion for exemption. [D.E. 23; D.E. 24].

On October 25, 2024, Plaintiff filed his motion for injunctive relief, requesting that the Court enjoin the Army from separating Plaintiff from his employment. [D.E. 25].

## ARGUMENT

A preliminary injunction is an "extraordinary and drastic remedy." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). A plaintiff seeking a preliminary injunction must establish 1) that he is likely to succeed on the merits, 2) that he is likely to suffer irreparable harm in the absence of preliminary relief, 3) that the balance of equities tips in his favor, and 4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); Pierce v. North Carolina State Board of Elections, 97 F.4th 194, 209 (4th Cir. 2024). "Winter ma[kes] clear that each

of these four factors must be satisfied to obtain preliminary injunctive relief." Henderson for National Labor Relations Board v. Bluefield Hospital Co., LLC, 902 F.3d 432, 439 (4th Cir. 2018). Consequently, if Plaintiff fails to make a clear showing of any one of the four factors, the Court need not consider the remaining factors and must deny the preliminary injunction. See id. at 438-39. Plaintiff has not established any of these elements, let alone all four of them. Accordingly, the motion must be denied.

## I. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION MUST BE DENIED BECAUSE PLAINTIFF CANNOT ESTABLISH THAT HE IS LIKELY TO SUCCEED ON THE MERITS.

### a. Plaintiff Is Not Likely To Success On The Merits Because He Has Not Exhausted His Administrative Remedies.

"[A] court should not review internal military affairs 'in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, **and** (b) exhaustion of available intraservice corrective measures.'" Williams v. Wilson, 762 F.2d 327, 359 (4th Cir. 1985) (quoting Mindes v. Seaman, 453 F.2d 197, 201 (5th Cir. 1971)) (emphasis added); see also Roe v. United States DOD, 947 F.3d 207, 217-18 (4th Cir. 2020) (holding that Mindes continues to be the law of the Fourth Circuit). Failure to exhaust all available intraservice remedies may render any federal court claim (and any request for immediate injunctive relief sought along with that claim) "a nonjusticiable military controversy," requiring a district court to dismiss the claim "without prejudice as premature." Williams, 762 F.2d at 359-60; see also Guerra v.

Scruggs, 942 F.2d 270, 276-77 (4th Cir. 1991); cf. Love v. Hidalgo, 508 F. Supp. 177, 179-80 (D. Md. 1981) (applying a different standard pre-Williams).

Plaintiff seeks to bypass the well-established intraservice remedies available to him. For example, the Army Board for Correction of Military Records (ABCMR) has the authority to review Plaintiff's arguments upon timely petition, and, among other things, order back pay and allowances, and recommend his reinstatement into the Army. See 10 U.S.C. § 1552. Allowing the administrative process to proceed "might completely obviate the need for judicial review" or, at the very least, provide the Court with "a definitive interpretation of the [applicable] regulation and an explication of the relevant facts from the highest administrative body in the [service's] own appellate system." Navas v. Vales, 752 F.2d 765, 770-71 (1st Cir. 1985) (quoting Hodges v. Callaway, 499 F.2d 417, 422 (5th Cir. 1974)). Further, under a "consistent and unambiguous line of cases," the Fourth Circuit has "reject[ed] the contention that constitutional claims should be exempt from exhaustion requirements." Nationsbank Corp. v. Herman, 174 F.3d 424, 429 (4th Cir. 1999). Plaintiff therefore must obtain review through the ABCMR before coming to this Court. See Williams, 762 F.2d at 360 ("The [Army Board for Correction of Military Records (ABCMR)] is better equipped than the courts. … The ABCMR has far greater experience that this court in deciphering the content and effect of military regulations and should be permitted to exercise its expertise.") (citing Navas, 752 F.2d at 769-70)). Moreover, the regulations for the Army specifically contemplate that the ABCMR "[i]f persuaded that material error or injustice exists, and that sufficient

evidence exists on the record, [will] direct or recommend changes in military records to correct the error or injustice." 32 CFR § 581.3. For this reason alone, Plaintiff cannot demonstrate that he is likely to succeed on the merits.

Even if Plaintiff's claims satisfied the threshold requirements of the Williams/Mindes analysis, the Court would be required to balance four factors to determine if it could properly consider the case:

> (1) the nature and strength of the plaintiff's challenge to the military determination;
> (2) the potential injury to the plaintiff if review is refused;
> (3) the type and degree of anticipated interference with the military function; and
> (4) the extent to which the exercise of military expertise or discretion is involved.

Williams, 762 F.2d at 359 (quoting Mindes, 453 F.2d at 201-02).

None of the four Williams/Mindes factors weigh in favor of considering Plaintiff's claims. Significantly, Plaintiff's military personnel action claim is particularly weak on the merits and completely intertwined with military discretion – and the military must be able to determine what constitutes disciplinary conduct related to insubordination to a superior officer. See, e.g., [DE 1, pp. 24-25 (describing his conduct, i.e. exercising his "right of free speech," with a superior officer which that superior officer described as " 'angry and disrespectful' ")]. See also 10 U.S.C. § 889 (disrespect toward superior commissioned officer is subject to court martial).

**b. Even If Justiciable, Plaintiff's Due Process Claim Fails.**

Plaintiff claims his due process rights are being violated by his separation from the Army, ostensibly arising from the "angry and disrespectful" conduct he displayed

toward a superior officer. However, Plaintiff's conclusory allegations do not plausibly allege that his proposed separation from the Army, effective December 1, 2024, is violative of his due process rights.

The Supreme Court has "long recognized that the military is, by necessity, a specialized society separate from civilian society." Parker v. Levy, 417 U.S. 733, 743 (1974). "Speech that is protected in the civil population may nonetheless undermine the effectiveness of response to command. If it does, it is constitutionally unprotected." Id. at 759 (upholding a conviction under Article 133 based on statements criticizing the Vietnam War).

Article 133 provides: "Any commissioned officer, cadet, or midshipman who is convicted of conduct unbecoming an officer and a gentleman shall be punished as a court-martial may direct." 10 U.S.C. § 933. Conduct unbecoming under Article 133, UCMJ, is a purely military offense that "reflect[s] a high level of congressional concern" for officer conduct. United States v. Voorhees, 79 M.J. 5, 16 (C.A.A.F. 2019) (citing United States v. Haverty, 76 M.J. 199, 205 n.10 (C.A.A.F. 2017)). "The gravamen of [Article 133, UCMJ] is that the officer's conduct disgraces him personally or brings dishonor to the military profession such as to affect his fitness to command … so as to successfully complete the military mission." United States v. Schweitzer, 68 M.J. 133, 137 (C.A.A.F. 2009) (internal quotation marks omitted).

While this Court may articulate and uphold the due process constitutional standard, it must not substitute its judgment for that of military authorities. See Goldman v. Weinberger, 475 U.S. 503, 507 (1986). When evaluating whether military

needs justify a particular restriction on otherwise protected conduct, "courts must give great deference to the professional judgment of military authorities concerning the relative importance of a particular military interest." Id. (citing Chappell v. Wallace, 462 U.S. 296, 305 (1983)). In this case, a military commander is better situated to evaluate whether Plaintiff's comments toward a superior officer constitute conduct unbecoming an officer.

**i. The Army provides more than the constitutionally required procedural process.**

Procedural "due process is flexible and calls for such procedural protections as the particular situation demands." Wimmer v. Lehman, 705 F.2d 1402, 1404 (4th Cir. 1983) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)). The flexible standard considers "the risk of an erroneous deprivation of [his] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Id. (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).

Plaintiff makes no specific factual allegation plausibly demonstrating his procedural due process rights are in jeopardy or being violated. That is because he cannot.

As mentioned above, Plaintiff may seek a correction to his separation through 32 C.F.R. § 581.3 which sets out 1) the scope of authority for the ABCMR, 2) application procedures, 3) the statute of limitations, 4) an administrative exhaustion requirement, 5) an opportunity to apply and prove, by a preponderance of the evidence, that the disciplinary measure was in error or an injustice exists, and 6) the right to counsel. See generally 32 C.F.R. §§ 581.3(c)-(f). In any event, the Supreme

Court established the clearest test of whether and what process is due in Mathews v. Eldridge, 424 U.S. at 332. To establish a deprivation of procedural due process, the plaintiff must show "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." Shirvinski v. U.S. Coast Guard, 673 F.3d 308, 314 (4th Cir. 2012) (citing Kendall v. Balcerzak, 650 F.3d 515, 528 (4th Cir. 2011)).

Plaintiff has not shown a cognizable liberty interest in his separation from the Army. The Fourth Circuit has held that a Due Process Clause "liberty interest is implicated by public announcement of reasons for an employee's discharge." Sciolino v. City of Newport News, Va., 480 F.3d 642, 645–46 (4th Cir. 2007) (quoting Johnson v. Morris, 903 F.2d 996, 999 (4th Cir.1990)). To state this type of liberty interest claim, a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false. Id. at 646 (citing Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 n. 5 (4th Cir.1988)). Plaintiff's proposed separation from service is not stigmatizing, and, even if it were, the Army has not made public his characterization of service. Moreover, Plaintiff cannot show that the charges upon which his proposed separation is based are false.

Plaintiff also does not have a cognizable property interest in his status as an Army officer or his continued service in the Army because "[m]ilitary service members do not have a property interest in their term of enlistment, attendance in military service academies, command position, or officer status." Deese v. Esper, 483 F. Supp.

3d 290, 315 (D. Md. 2020) (citing Downey v. United States Dep't of the Army, 685 F. App'x 184, 193 (4th Cir. 2017) (no protected interest in "command position or attendance at the National War College"); Guerra, 942 F.2d 270 (no protected interest in continued military service); Knehans v. Alexander, 566 F.2d 312, 314 (D.C. Cir. 1977) (no protected interest in "continued active duty as a commissioned officer in the Army")).

Assuming, however, that Plaintiff has a property interest in his present or future service with the Army, Plaintiff nevertheless has not demonstrated that the government employed procedures regarding his proposed separation are constitutionally inadequate. For example, Plaintiff is required to fully exhaust all other administrative procedures before applying to the Secretary of the Army for relief. 32 C.F.R. § 581.3 (e)(1)(ii). Furthermore, Plaintiff is provided an opportunity to be heard, with counsel if he chooses, and must establish his case by a preponderance of the evidence. See 32 C.F.R. 21 §§ 581.3 (e)(2)-(e)(3). See also Martinez v. United States, 26 Cl. Ct. 1471 (1992) (Administrative reviews of disenrollment decision received by participant before the Formal Board of Officers and the ABCMR (Army Board for Correction of Military Records) complied fully with military regulations, and participant had no constitutional right to remain with the military or to full evidentiary hearing before disenrollment.), aff'd, 11 F.3d 1069 (Fed. Cir. 1993). In light of the foregoing, there is no question that the procedures the Army have in place to administer disciplinary sanctions upon Plaintiff are constitutionally adequate and that the robust rights listed above provide Plaintiff

meaningful opportunities to be heard. Plaintiff has failed to identify any additional or substitute safeguards that would reduce the likelihood of an erroneous deprivation of liberty or property.

**ii. Plaintiff fails to plausibly allege any substantive due process violation.**

As for substantive due process, the Army runs afoul of that only when its actions shock the conscience. Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845–47 (1998); Young v. City of Mount Ranier, 238 F.3d 567, 574 (4th Cir.2001). In other words, the protections of substantive due process extend only to "state action so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any predeprivation procedural protections or of adequate rectification by any post-deprivation state remedies." Rucker v. Harford Cnty., 946 F.2d 278, 281 (4th Cir.1991). To shock the conscience, "the conduct must be 'intended to injure in some way unjustifiable by any government interest.' " Hawkins v. Freeman, 195 F.3d 732, 742 (4th Cir.1999) (en banc) (quoting Lewis, 523 U.S. at 849). In this case, Plaintiff has not plausibly alleged that Defendant's conduct violated Plaintiff's substantive due process rights. First, Plaintiff's separation has not yet taken effect. Second, Plaintiff has post-separation procedures available to seek a correction to that separation. Accordingly, the Army's actions are not "literally incapable of ... adequate rectification by any post-deprivation [] remedies." Rucker, 946 F.2d at 281.

## II. PLAINTIFF HAS NOT SHOWN IRREPARABLE HARM.

Plaintiff's motion for a preliminary injunction must be denied because he cannot make a "clear showing" of likely irreparable harm. See Winter, 555 U.S. at 22. In cases involving military personnel decisions, courts require the moving party to make a much stronger showing of irreparable harm than the ordinary standard for injunctive relief. See Guerra, 942 F.2d at 274; see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). In a closely related context, the Supreme Court has recognized that, where federal civilian employees seek immediate injunctive relief from termination, the employee must make an extraordinary showing of irreparable harm beyond the traditional evidence necessary to sustain preliminary injunctive relief. Sampson v. Murray, 415 U.S. 61, 91-92 (1974).

> Assuming for the purpose of discussion that respondent had made a satisfactory showing of loss of income and had supported the claim that her reputation would be damaged as a result of the challenged agency action, we think the showing falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case.

Id.

Moreover, Plaintiff's claims arise in the military personnel context, where courts have provided extraordinary deference. See, e.g., Orloff v. Willoughby, 345 U.S. 83, 93-94 (1953); Hartikka, 754 F.2d at 1518; Chilcott v. Orr, 747 F. 2d 29, 33 (1st Cir. 1984) ("Military discharge proceedings should only be enjoined in exceptional circumstances."). Indeed, the Fourth Circuit has held "that Sampson's higher requirement of irreparable injury should be applied in the military context given the federal courts' traditional reluctance to interfere with military matters." Guerra, 942 F.2d at 274.

In Guerra, the Fourth Circuit applied this heightened standard to circumstances involving pending military discharge proceedings—an enlisted National Guard soldier sought immediate injunctive relief to preclude his forthcoming separation based on conclusory allegations of reputational loss and pay—and held that the soldier simply could not demonstrate the necessary irreparable harm. Id. at 274-75. Courts have not hesitated to reject claims of stigma or reputational injury from servicemembers discharges. See id. at 274 (holding that even a "general discharge under honorable conditions is not an injury of sufficient magnitude to warrant an injunction"); Chilcott, 747 F.2d at 34; McBride v. West, 940 F. Supp. 893, 896 (E.D.N.C. 1996).

Even in the absence of this precedent, Plaintiff's injuries are simply not irreparable. Plaintiff can obtain review from the ABCMR, which is empowered to "correct any military record … when the Secretary considers it necessary to correct an error or remove an injustice," 10 U.S.C. § 1552(a), and may (in conjunction with the Secretary of the Army) order Plaintiff's reinstatement and back pay. See 32 C.F.R. § 581.3. In the event that the ABCMR denies his request for relief, Plaintiff has an alternate course of recovery in either the Court of Federal Claims (which can "provide an entire remedy" under the Tucker Act, Mitchell v. United States, 930 F.2d 893, 896-97 (Fed. Cir. 1991)) or this Court.

In sum, because Plaintiff cannot establish the necessary irreparable harm to justify preliminary injunctive relief, this Court should deny his motion without addressing the other Winter factors. See Henderson, 902 F.3d at 438-39.

## III. THE REMAINING EQUITABLE FACTORS DO NOT FAVOR INJUNCTIVE RELIEF.

The remaining equitable factors—which merge when the government is a party, Nken v. Holder, 556 U.S. 418, 435 (2009)—also do not favor preliminary injunctive relief. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24 (internal citations omitted). The Fourth Circuit recognized the harm to the military from the entry of preliminary injunctive relief in Guerra, noting that the harm "is greater than it first appears." 942 F.2d at 275. This is so because "injunctions would be routinely sought in … discharge cases" and "[t]he result would be judicial second-guessing of a kind that courts have been reluctant to engage in." Id. The same is true here. If this Court were to grant preliminary relief, there would be far-reaching consequences for the Army and the public.

First, if granted, such injunctive relief would severely constrain the Secretary of the Army's ability to "ensure that the strength at the end of each fiscal year of officers on active duty is sufficient to enable the Army to meet" its defense obligations. See 10 U.S.C. § 7101(a).

Second, it would chill the military's vital dedication to good order and discipline across the Services by removing the credibility of action from a commander's administrative and disciplinary decisions. Any Army officer facing separation could seek similar relief in the federal courts before the Army could provide review from their correction boards. Taken to its next logical step, to grant Plaintiff relief would signal to every servicemember facing separation that they should attempt to seek

similar relief for the same harms Plaintiff alleges arise by his separation and disciplinary actions. Thus, Plaintiff's potential harms (e.g. loss of career, loss of pay, loss of room and board) are harms shared by every servicemember facing separation, not just Army officers and not just Plaintiff. Plaintiff's potential harms upon separation are, therefore, standard "harms" faced by servicemembers upon separation and not extraordinary. In that vein, injunctive relief is "an extraordinary remedy" reserved for exceptional cases in limited circumstances, not for standard cases involving uniform harm shared by all servicemembers. This is not an exceptional case, and the harm to the public interest would be significant. Allowing Plaintiff, or any servicemember, to "bypass[ …] the hierarchy of the armed services seeking injunctions to overturn personnel decisions of their superiors in civilian courts could substantially alter and interfere with the 'peculiar and special relationship of the soldier to his superiors.'" United States v. Brown, 348 U.S. 110, 112 (1954).

Third, a preliminary injunction would also entangle the Court in "complex, subtle, and professional decisions as to the composition, training, … and control of a military force, which are essentially professionally military judgments," Winter, 555 U.S. at 24 (citations and internal quotation marks omitted)—in a way that would interfere "with the subordinate decisions of military authorities" and "frustrate[] the national security goals that the democratic branches have sought to achieve," Thomassen v. Perry, 80 F.3d 915, 926 (4th Cir. 1996).

Lastly, the public interest also would not be served by ordering the Army to stop processing Plaintiff's separation. See Guerra, 942 F.2d at 280 (holding that the public interest did not weigh in favor of immediate injunctive relief to preclude military member's discharge based on same analysis as the balancing of harms). Indeed, in the context of personnel actions, it is in the public interest to "allow[] the military, in an orderly fashion, to fully adjudicate claims on the part of its own personnel, free of unnecessary interference by the federal courts." McBride, 940 F. Supp. at 897. Permitting court involvement prior to the exhaustion of administrative remedies undermines the trust placed in the military to regulate its own actions and results in judicial second-guessing of military actions prior to their completion.

Thus, the final two factors weigh in Defendant's favor, not Plaintiff's. For these reasons, Plaintiff cannot clearly establish any of the preliminary injunction factors on this record, let alone all four of them. The motion must therefore be denied. See Henderson, 902 F.3d at 439.

## CONCLUSION

Based on the reasons described above, Plaintiff's motion for injunction should be denied.

This the 6th day of November, 2024.

MICHEAL F. EASLEY, JR.
United States Attorney

BY: /s/ Rudy E. Renfer
RUDY E. RENFER
Assistant United States Attorney
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Email: rudy.e.renfer@usdoj.gov
N.C. Bar # 23513
Attorney for Defendant

CERTIFICATE OF SERVICE

I do hereby certify that I have this 6th day of November, 2024, served a copy of the foregoing upon the below-listed party by electronically filing the foregoing with the Court on this date using the CM/ECF system or placing a copy in the United States Mail to the following:

Michael J. Forbes
614 Northhampton Rd.
Fayetteville, NC 28303
910-336-5966
Email: drogonthehoneybadger@gmail.com

BY: /s/ Rudy E. Renfer
RUDY E. RENFER
Assistant United States Attorney
Civil Division
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Email: rudy.e.renfer@usdoj.gov
N.C. Bar # 23513
Attorney for Defendant