

FILED

NOV 07 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

No. 5:24-CV-00176-BO

MICHAEL J. FORBES, )
614 Northampton Rd., )
Fayetteville, N.C., 28310, *pro se.* )
)
*Plaintiff*, )
) **PLAINTIFF'S MOTION FOR LEAVE**
v. ) **TO FILE SURREPLY**
)
THE UNITED STATES ARMY, )
Christine E. Wormuth, )
Secretary of the Army (SoA) )
101 Army Pentagon, )
Washington, D.C., 20310 )
)
*Defendant*. )

This 7th day of November, 2024.

1. The Plaintiff, *pro se*, in the above-captioned case, respectfully moves for leave to submit the attached Surreply in response to anticipated arguments made by the Defendant (or hereafter "the Army," when used) in any forthcoming Response to the Plaintiff's Motion to Compel. These claims and arguments had not occurred when the Plaintiff's filed his MOTION TO COMPEL on October 21, 2024, and thus the Plaintiff had not had an opportunity to notify the Court of recent compounding failures of the Army to follow their own regulations and public laws in this case; these actions bring forth more claims.

NEW CLAIMS

2. On October 31, 2024, Ms. Ashley Meisenbach, Human Resource Assistant, Military Personnel Division, Directorate of Human Resources, published and emailed[1] order

---

[1] *See* Enclosure D01,.

1

number 305-0280[2] in that prove violations of multiple paragraphs of Army Regulation (AR) 635-8,[3] Ch. 4, Section I; they are namely paragraphs: 4-3, a. and b.; and 4-6, a. In fact, AR 635-200[4] is the governing regulation of Regular Army enlisted separations that clearly states a Commander, having separation authority, must comply with AR 635-8's, and it states this as follows:

> ***Commanders having separation authority directing separation*** *or REFRAD of a Soldier will comply with AR 635–8.* (emphasis added)[5]

Turning our attention to Order 305-0280's published content, we see the violated three areas of AR 635-8.[6] First, the date of its publication represents 31 (not 60) days prior to the Army's intended separation of the Plaintiff on December 1, 2024 violated AR 635-8, 4-6, a., as stated:

> *The **transition center issues separation orders** in accordance with AR 600–8–105 **for RA Soldiers who will separate from active duty no later than 60 days before the scheduled separation date**.* (emphasis added)[7]

---

[2] *See* Enclosure D02, Order 305-0280 *attachment of email (Enclosure D01) sent by Ms. Meisenbach entitled* FORBES- ORDERS, October 31, 2024.

[3] *See* AR 635-8, "Separation Processing and Documents," February 10, 2014, https://armypubs.army.mil/epubs/DR_pubs/DR_a/ARN38821-AR_635-8-001-WEB-3.pdf

[4] *See* AR 635-200, "Active Duty Enlisted Administrative Separations," June 28, 2021, https://armypubs.army.mil/epubs/DR_pubs/DR_a/ARN40058-AR_635-200-001-WEB-3.pdf.

[5] Ibid, at 1-21 (a),

[6] *See* AR 635-8, "Separation Processing and Documents," February 10, 2014, https://armypubs.army.mil/epubs/DR_pubs/DR_a/ARN38821-AR_635-8-001-WEB-3.pdf.

[7] Ibid., at 4-6 (a)

2

Order 305-0280 for the Plaintiff was issued on October 31, 2024 for a "Date of discharge" of November 30, 2024 (providing 31 days notice, but not the required 60 day requirement).

Next, the order also included the impossible "additional instructions" to the Plaintiff of:

> *IAW Public Law 101-510, Section 1144 **you must attend a mandatory Preseparation Briefing** and complete the DD Form 2648, **120 to 180 days prior to separation** with Soldier for Life[,]*[8]
> (emphasis added)

which is an installation coordinator's responsibility to schedule, under 4-3 entitled "Tasks, work centers, and required actions," a., "Installation transition processing coordinator" which is a violation of AR 635-8, para. 4.3(a)., which states:

> *The coordinator, as designated in accordance with paragraph 116, generates a loss roster identifying RA Soldiers 180 days prior to their scheduled separation date **and schedules Soldiers to attend the Pre-Separation Services Program, as detailed in paragraph 4–3, at least 120 days prior to separation date. Ensures that the loss roster is distributed to the following agencies: (1) Soldier's company or battalion level human resources element...*[9]
> (emphasis added)

Lastly (with respect to AR 635-8), civilians schedule and are unable to order a Soldier to report; unit commanders in the Soldier's chain of Command have that authority, hence, are mandated authority for the notification of the Soldier and ensuring they report. Moreover, it is a violation of AR 635-8, 4.3, b. (1) if a unit commander does not perform

---

[8] *See* Enclosure D02, Order 305-0280 *attachment of email (Enclosure D01) sent by Ms. Meisenbach entitled* FORBES- ORDERS, October 31, 2024.

[9] *See* AR 635-8, "Separation Processing and Documents," at 4-3 (a)., February 10, 2014, https://armypubs.army.mil/epubs/DR_pubs/DR_a/ARN38821-AR_635-8-001-WEB-3.pdf.

3

their responsibility under 4-3 entitled "Tasks, work centers, and required actions," b. (1) "Unit Commander" that states:

> *Notify Soldiers of separation **and ensure Soldiers report as required for the Pre-Separation Services Program.** Provide transportation, if necessary.*[10] (emphasis added)

No scheduling notification was received by the Plaintiff from the coordinator or unit commanders. Outside the aforementioned command and/or installation failures is the most glaring conundrum of all; it is the installation's formally written, gas-lit, deflection of a Commander's responsibility to ensure a Soldier report to the pre-separation briefing onto a Soldier in an order that is provided a mere 31 days from separation, yet requires the Soldier to complete a task 89 days prior to receiving the order. It's baffling because it's impossible and likely used to deflect responsibility.[11]

Separately, Ms. Meisenbach's actions bring about more statutory federal questions on behalf of the Defendant. At 3:47 pm on October 31, 2024, Ms. Ashley Meisenbach falsified a fabricated interaction with the Plaintiff (as discussed below) in violation of 18 USC § 1519. This occurred within a 28 hour period; a time frame that included an initial email from her, which made the Plaintiff aware of her, and a follow-up email, that included a worksheet that stated the following:

---

[10] Ibid, at 4-3, (b) (1).
[11] "It is a defense to refusal or failure to perform a duty that the accused was, through no fault of the accused, not physically or financially able to perform the duty." – Rule for Court-Martial 916 (f), found in the *Manual For Courts-Martial*, page II-138, *online at:*
https://jsc.defense.gov/Portals/99/2024%20MCM%20files/MCM%20(2024%20ed)%20(2024_01_02)%20(adjusted%20bookmarks).pdf?ver=WLZvJg--lbaFtAC5qOM1uA%3d%3d.

4

*MEMBER ELIGIBLE FOR INVOLUNTARY SEPARATION PAY; HOWEVER, MEMBER CHOSE NOT TO COMPLY WITH 10 USC 1174*[12]

The Plaintiff had no interaction with her during this timeframe due to a computer network outage that lasted for 4 days at the unit, which he has been attached. The introductory email from Ms. Meisenbach occurred at 1:02 pm, on October 30, 2024, when she emailed the Plaintiff, and two other unknown personnel, the following:

> *I am currently processing SFC Forbes' ETS packet. SFC Forbes is being processed as a QMP, therefore he is eligible for ½ separation pay.* ***It is optional, although if taking the separation pay, he will need to provide me with a DA form7783 (which he will get from the Reserve Component on the 5th floor of the Soldier Support Center.)*** *If you have any further questions, please do not hesitate to ask[,].*[13]

which is contrary to 10 USC § 1174, that states:

> *[a] regular enlisted member of an armed force who is discharged involuntarily or as the result of the denial of the reenlistment of the member and who has completed six or more, but less than 20, years of active service immediately before that discharge is entitled to separation pay computed under subsection (d) unless the Secretary concerned determines that the conditions under which the member is discharged do not warrant payment of such pay[,]*

and 10 USC § 651, that states:

> *(a)* ***Each person who becomes a member of an armed force,*** *...shall serve in the armed forces for a total initial period of not less than six years* ***nor more than eight years****, as provided in regulations prescribed by the Secretary of Defense for the armed forces under his jurisdiction ... unless such person is sooner discharged under such regulations because of personal hardship. Any part of such service that is not active duty or that is active duty for training shall be performed in a reserve component.* (emphasis added*)*

---

[12] *See* Enclosure D03, CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY Worksheet *attachment of email (Enclosure D01) sent by Ms. Meisenbach entitled* FORBES- WORKSHEET, "CONT FOM BLOCK 18" (p.2), October 31, 2024.

[13] *See* Enclosure D04, *email from* Ms. Ashley Meisenbach to the Plaintiff, October 30, 2024.

5

> *(b) **Each person covered by subsection (a)** who is not a Reserve, and who is qualified, shall, upon his release from active duty, be transferred to a reserve component to complete the service required by subsection (a).*

The Plaintiff has "complete[d] the service"[14] requirement of 8 years on Active Duty, therefore is not covered by subsection (a), hence, has no Reserve requirement to fulfill. Once the requirement of 10 USC 651 is satisfied, 10 USC 1174 becomes resolute and separation pay is not "optional" as she remarked; any confusion by her email, or falsified commentary on the official worksheet, that the Plaintiff "CHOSE NOT TO COMPLY"[15] with the law, could result in more violations of law that would only serve to severely damage the Plaintiff further than the original claims in this case.

## CONCLUSION

The belated nature of the order has contributed to the need for this MOTION because, had the order been published pursuant AR 635-8, these topics would have been included in the Plaintiff's October 21, 2024 MOTION TO COMPEL. Furthermore, the Human Resource Assistant's (Ms. Meisenbach's) mischaracterization of a fictitious response by the Plaintiff is dangerous and can easily contribute more damages than the Plaintiff's original claims, if the Defendant succeeds in unlawfully separating the Plaintiff without his lawful separation pay.

Moreover, the Defendants' rushed separation of the Plaintiff and failures to follow their own regulations is not unknown to our Federal Court System. In this case, the Defendant cannot

---

[14] *See* 10 USC § 651

[15] *See* Enclosure D03, CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY Worksheet *attachment of email (Enclosure D01) sent by Ms. Meisenbach entitled* FORBES- WORKSHEET, "CONT FOM BLOCK 18" (p.2), October 31, 2024.

6

produce any proof that a "unit commander:... ensure[d] Soldier report[ed] as required for the Pre-Separation Services Program" prior to 120 days of the Defendant's assigned separation date, because the Plaintiff never attended one. In fact, a separate recent Federal Claims Court (FCC) case demonstrates over a decade's worth of damages to an involuntarily separated Soldier due to the rushed regulatory non-compliance of the Defendant's own making. Some excerpts of the FCC's opinion in Reaves v. United States[16] are as follows:

> *Plaintiff argues that the ABCMR's decision was arbitrary and capricious **because Plaintiff's separation was rushed** and he was not given an opportunity to comply with the Army's body fat standards.* (emphasis added)

It further states:

> *The **lack of record evidence, however, is not a problem of Plaintiff's making**.... Instead of foisting adverse inferences for the lack of records on Plaintiff, the Army must acknowledge its part in mishandling Plaintiff's separation. In short, the Army failed to follow its own regulations in affording Plaintiff a medical evaluation and in effecting his discharge. Defendant violated Army Regulation 600-9 first by discharging Plaintiff before he even completed the Army's Weight Control Program and again in failing to perform a medical evaluation at the time of this <u>premature discharge</u>.* (emphasis added)

This argument used by the court in *Reaves v. United States* could easily be rewritten and applied in this Plaintiff's case as follows:

> '*The **lack of record evidence, however, is not a problem of Plaintiff's making**.... Instead of foisting adverse **<u>and impossible instructions in the orders</u>** for the lack of **<u>command accountability</u>** on Plaintiff, the Army must acknowledge its part in mishandling Plaintiff's separation. In short, the Army failed to follow its own regulations in affording Plaintiff **<u>a pre-separation briefing prior to 120 days of separation</u>** and in effecting his discharge. Defendant violated Army Regulation **<u>635-8</u>** first by discharging Plaintiff before he even completed **<u>the pre-separation</u>***

---

[16] *See Reaves v. United States* (Federal Cl. Ct.) No. 14-09c (2016), *attached as* Enclosure D05.

7

Case 5:24-cv-00176-BO-RJ    Document 27    Filed 11/07/24    Page 7 of 9

willful indefinite contractual obligation to serve the Army and be in the best position to avoid extreme damages brought by the Defendant while he awaits pending judicial determinations.

This document complies with the page limit and word count of Local Rule 7.2, in that it is 8 pages long and contains 1987 words.

Dated: November 7, 2024

*[Signature] 11/7/2024*

9

Case 5:24-cv-00176-BO-RJ    Document 27    Filed 11/07/24    Page 8 of 9

***briefing, et al., in that mandatory timeframe.***, *and again in failing **to provide timely orders** at the time of this premature discharge.'* (emphasis added)

The Plaintiff was never notified of any scheduled brief, nor ordered to report to any location, at any date or time, to accomplish the mandatory pre-separation brief 120 days before his notified separation date by any unit commander in the Plaintiff's Chain of Command (pursuant to AR 635-8). Upon reading the requirement in his Orders, the Plaintiff researched and determined that he needs all available services completed to avoid imminent bankruptcy should the Defendant's failures to follow regulations, on behalf of his Commanders, are not proactively remediated or are not adjudicated in some venue (either proactively within the Army, which will commence soon, or judicially). The Plaintiff is also concerned that the commentary on the worksheet that Ms. Meisenbach entered, without any interaction from him, could confuse other departments of the Army, which may affect his ability to receive lawful Separation Pay. All of these actions, would likely cause near immediate bankruptcy for the Plaintiff.

Had apropos regulations been followed, the Plaintiff would have received adequate time to be briefed and consider all his options, rather than be subjected to a rushed attempt at an unlawful discharge as he awaits Court interventions. The Plaintiff asks this Court, by any power afforded it, to Compel the Defendant, to follow AR 635-8 and ensure the Plaintiff reports as required to the pre-separation brief and is provided 120 days to accomplish all appropriate briefings (financial, employment training assistance, medical, resume writing, etc.) to prepare for this undeserved and unwanted separation from his

8