IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00176-BO-RJ

MICHAEL J. FORBES,
         Plaintiff,

v.

THE UNITED STATES ARMY and
CHRISTINE E. WORMUTH,
*Secretary of the Army,*
         Defendants.

O R D E R

This matter is before the Court on Plaintiff Forbes's motion for emergency injunctive relief [DE 3], motion to be exempt from the Rules of Civil Procedure [DE 18], motion for partial summary judgment [DE 16], motion to compel urgent abeyance [DE 25], and motion for leave to file a surreply [DE 27]. Defendant has filed a motion to dismiss for lack of jurisdiction and for failure to state a claim [DE 13]. For the following reasons, plaintiff's motions are denied, and defendants' motion is granted.

BACKGROUND

Sergeant First Class Michael J. Forbes has served in the United States Army for 17 years. On November 29, 2022, Forbes's Brigade Commander ordered Forbes to participate in a health and wellness program that collected and stored personally identifiable information. Concerned that such a program would violate Army rules about the collection of health data, Forbes confronted Major Racaza, a psychologist and superior officer. After the encounter, Major Racaza reported Forbes for raising his voice and being disrespectful. Plaintiff and Defendant disagree strongly about the nature of this encounter and the quality of Forbes's overall service record.

On December 2, 2022, Plaintiff Forbes was ordered to participate in a second health and wellness assessment. On December 14, 2022, Forbes confronted CSM Emekaekwue, his superior officer, about the assessment. CSM Emekaekwue used his hands to return Forbes into formation.

On January 23, 2023, Plaintiff Forbes declined to go to a hospital for evaluation. On February 22, 2023, the Army determined that Forbes had engaged in disrespectful behavior towards Major Racaza and failed to demonstrate leadership by shifting blame, losing his temper, and showing little respect for others.

On February 23, 2023, the Army issued a memo describing the confidentiality protocols of the health and wellness assessment programs. After correspondence with Plaintiff's counsel, the Army granted Forbes an exemption to the assessment programs on April 5, 2023.

On May 30, 2023, the Army issued Forbes a written reprimand for his conduct towards Major Racaza. Forbes requested that this letter be withdrawn, which the Army declined to do.

On March 15, 2024, Plaintiff Forbes filed the present complaint in the Eastern District of North Carolina. Plaintiff has moved for the issuance of a preliminary injunction forestalling his administrative separation from the army, while the Defendants have moved to dismiss the case for lack of jurisdiction and failure to state a claim. On December 1, 2024, the defendant will administratively separate the plaintiff from the Army. [DE 25 at 1].

## ANALYSIS

### I. Motion to Dismiss

A motion for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. See Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the

2

pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Although the court accepts the factual allegations as true, the court does not accept the complaint's legal conclusions, so "simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *ACA Fin. Guar. Corp.*, 917 F.3d at 212.

Plaintiff has filed well over a thousand pages of emails, policies, documents, and argument in this case, and has provided precious little guidance for the Court in parsing through the docket. Though his arguments appear to cluster around violations of the Privacy Act of 1973, Forbes also alludes at various points to violations of the Military Whistleblower Protection Act of 1986 and the First, Fourth, Fifth, and Thirteenth Amendments.

### A. Privacy Act of 1973

To establish a cause of action under the Privacy Act, the Plaintiff must allege that the disclosure of personal information (1) violated the Act; (2) was committed willfully or intentionally; and (3) adversely affected him. 5 U.S.C. § 552a(g)(1)(D), (g)(4); *Doe v. Chao*, 435 F.3d 492, 500 (4th Cir. 2006). To show 'adverse effect,' the plaintiff must satisfy both the injury-

3

in-fact and causation requirements of Article III standing. *Doe v. Chao*, 540 U.S. 614, 624 (2004); *Beck v. McDonald*, 848 F.3d 262, 273 (4th Cir. 2017). "Injury-in-fact" exists when the plaintiff shows that he or she suffered an "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Here, plaintiff has failed to allege in his complaint that any of his private health records were ever disclosed. In plaintiff's response to the motion to dismiss, he states directly that "Privacy Act disclosure issues *are not* alleged as the Plaintiff was able to prevent the imminent disclosure violations…" [DE 19 at 5] (emphasis in original). By plaintiff's own admission, these disclosures did not occur. It follows that Forbes could not have suffered an injury-in-fact sufficient to satisfy the requirements of Article III standing.

Plaintiff argues that he has been adversely affected because he has spent money on a Military Administrative Attorney, and that he has been injured by the collection of the health data itself. [DE 19 at 14–15]. However, even assuming that the health data was unlawfully collected, the "intangible harm of enduring a statutory violation, standing alone, typically won't suffice under Article III—unless there's separate harm (or a materially increased risk of another harm) associated with the violation." *O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 243 (4th Cir. 2023). Further, the costs associated with the attorney cannot be fairly attributed to the collection of private health records because the attorney was retained to assist the plaintiff in ongoing disciplinary proceedings. Those proceedings stemmed not from the collection of data, but from the consequences of how Plaintiff reacted when he learned of the health and wellness assessments.

It is also worth noting that the Army provided an option to opt out of the health and wellness programs that collected sensitive health data, an option that plaintiff utilized willingly. [DE 1-10].

4

Because plaintiff has failed to allege facts sufficient to make out a claim under the Privacy Act, this claim must be dismissed.

### B. Military Whistleblower Protection Act of 1986

Plaintiff also alleges that he is being retaliated against in violation of the Military Whistleblower Protection Act of 1986. The MWPA prohibits retaliation against a member of the armed forces who makes a protected disclosure to an authorized recipient. However, the MWPA does not provide for a private right of action, as recognized by the Eighth Circuit and other district courts in the Fourth Circuit. *Acquisto v. United States*, 70 F.3d 1010, 1011 (8th Cir. 1995); *Mackall v. United States Dep't of Defense*, 2017 WL 5564665 at *5 (D. Md. 2017).

Because there is no private right of action under the MWPA, Plaintiff Forbes cannot bring a civil suit under the terms of the Act. Further, in his response to the motion to dismiss, the plaintiff directly states that he has "not requested adjudication of the Military Whistleblower Protection Act (MWPA) in his pleading, nor has the Plaintiff requested relief for the same, which renders this point moot." [DE 19 at 23]. The Court agrees, and this claim is therefore properly dismissed.

### C. Constitutional Claims

Throughout his filings, the Plaintiff references violations of the First, Fourth, Fifth, and Thirteenth Amendments. At no point does he allege facts "to raise a right to relief above a speculative level." *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff states that he was exercising his free speech rights when confronting Major Racaza [DE 1 at 24], and equates the health assessment with both the Gestapo [DE 1 at 49] and the institution of slavery [DE 1 at 24].

Most significantly, Plaintiff appears to allege that the due process protections afforded to him during disciplinary proceedings fell short of those required by the Fifth Amendment. As an

5

initial matter, Forbes's allegations are expansive, disjointed, and lacking the necessary factual allegations to survive a motion to dismiss. More fundamentally, however, while federal courts are an appropriate avenue in which to seek relief for constitutional violations, such courts have no special insight into the internal mechanisms that allow the military to function effectively. Indeed, the Supreme Court has observed that "it is difficult to conceive of an area of governmental activity in which the courts have less competence." *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973). As such, deference to the military is appropriate when the requested relief would require the court to review the "complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force, which are essentially professional military judgments." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Court firmly believes that this matter is one appropriately left in the hands of the Army.

## II. Motion for Emergency Injunctive Relief

The plaintiff here has requested the extraordinary remedy of emergency injunctive relief. *Lassiter v. Blevins*, 2024 WL 4662798 at *1 (W.D. Va. 2024) (such injunctions should be sparingly granted). To justify such an injunction, the plaintiff must show (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in the plaintiff's favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, the plaintiff has demonstrated neither that the equities tip in his favor, nor that he has a likelihood of success on the merits. Further, an injunction in this matter is not in the public's interest—such intervention by the Court would benefit no one but the plaintiff, and would interfere with the Army's duty to regulate and maintain an effective national fighting force.

As such, the motion for emergency injunctive relief is denied. The Court construes Plaintiff's later motion to "compel urgent abeyance" as one seeking to expedite consideration of the prior motion for an injunction as the date of plaintiff's administrative separation approached. That motion is likewise denied.

### III. Motion for Partial Summary Judgment

Plaintiff Forbes has moved for partial summary judgment on his Privacy Act claims. However, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E. I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Here, no discovery has been conducted and, because the defendant's motion to dismiss is granted, no discovery will be conducted. The motion for summary judgment is denied.

### CONCLUSION

Plaintiff's motion for emergency injunctive relief [DE 3] and motion to compel urgent abeyance [DE 25] are DENIED. Plaintiff's motions to file a surreply [DE 27] and to be exempt from the Rules of Civil Procedure [DE 18] are DENIED AS MOOT. Plaintiff's motion for summary judgment [DE 16] is likewise DENIED AS MOOT.

Defendants' motion to dismiss [DE 13] is GRANTED. The clerk is DIRECTED to close the case.

SO ORDERED, this 18 day of November 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE